1

CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr., SBN 111282

2

Phyl Grace, Esq., SBN 171771
Christopher Seabock, SBN 279640

3

Mail: PO Box 262490
San Diego, CA 92196-2490

4

Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131

5

(858) 375-7385; (888) 422-5191 fax

6

phylg@potterhandy.com

7

Attorneys for Plaintiff

8

9

UNITED STATES DISTRICT COURT

10

EASTERN DISTRICT OF CALIFORNIA

11

12

**Becky Barnes-Boers**,

13

Plaintiff,

14

v.

15

**Silver Shield, LLC.**, a Delaware
Limited Liability Company; and
Does 1-10,

16

17

Defendants

18

19

20

21

22

| | |
|---|---|
| **Case No**. | |
| **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act; California Disabled Persons Act; Negligence | |
| **Demand For Jury** | |

Plaintiff Becky Barnes-Boers complains of Defendants Silver Shield,
LLC., a Delaware Limited Liability Company; and Does 1-10, ("Defendants")
and alleges as follows:

23

24

**PARTIES**:

25

1.  Plaintiff is a California resident with physical disabilities. Plaintiff

26

suffers from a chronic systemic disease called Reflex Sympathetic Dystrophy

27

as well as Rheumatoid Arthritis. She is significant impaired in her ability to

28

walk and she has manual dexterity impairments as well. She uses a wheelchair

Complaint

for mobility and has a specially equipped van.

2.   Defendants are, or were at the time of the incident, the owners and operators, lessors and/or lessees of the Almond Orchard Shopping Center located at or about 2201 Pillsbury Road, Chico, California.

3.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

4.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

5.   Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, and the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

6.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

Complaint

**FACTUAL ALLEGATIONS:**

7.   Almond Orchard Shopping Center is a business establishment and place of public accommodation.

8.   Almond Orchard Shopping Center is not accessible to wheelchair users.

9.   The problem is that there is no wheelchair accessible route of travel from the boundary of the site to the accessible building entrances within the site. The public sidewalk terminates at the boundary of the Almond Orchard Shopping Center property and there is no accessible path of travel after that point. The plaintiff has patronized businesses within shopping center and is forced to travel on vehicular drive paths to the curb ramp that leads to the walkway in front of the businesses. Yet, even that curb ramp is not accessible. The pedestrian curb ramp located closes to the boundary of the site (at the north west corner of the property and in front of Round Table Pizza) has a 10% slope. The pedestrian curb ramp on the other side of the row of businesses (the other end of the U-shaped buildings) has an 8.8% slope.

10. The Plaintiff has been to the Almond Orchard Shopping Center during the statutory period and will continue to patronize the Almond Orchard Shopping Center. The plaintiff has personally encountered the violations identified above.

11. In encountering and dealing with these violations, the plaintiff experienced difficulty and discomfort. These violations denied the plaintiff full and equal access to facilities, privileges and accommodations offered by the defendants.

12. Additionally, on information and believe, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants

Complaint

intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

13. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

14. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a).)

15. Under the ADAAG, at least one accessible route must be provided within the boundary of the site from public transportation stops and public streets or sidewalks, to an accessible building entrance. ADAAG § 4.1.2(1).

16. Additionally, ramps cannot have a slope greater than 8.33%. ADAAG § 4.7.2 and 4.8.2.

17. Here, the defendants failed to provide a wheelchair accessible route of travel from the boundary of the site to the building entrances within the Almond Orchard Shopping Center, although doing so is easily and readily done, and, therefore, violated the ADA.

18. Given its location and options, the Almond Orchard Shopping Center is in a desirable location for her and she will continue to patronize the businesses and will continue to encounter the unlawful barriers and discriminatory conditions there so long as they remain.

Complaint

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

19. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

20. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Disabled Persons Act and are liable for damages. Cal. Civ. Code § 51(f), 52(a).

21. Because the violation of the Disabled Persons Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, *i.e.*, a civil penalty for each offense. Cal. Civ. Code § 55.56(a)-(c).

**III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ.§ 54-54.8)

22. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

23. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. Cal. Civ. Code § 54.1(d), 54.3(a).

24. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty for each offense. Cal. Civ. Code § 55.56(a)-(c).

**IV. FOURTH CAUSE OF ACTION: NEGLIGENCE** (On behalf of plaintiff and against all defendants)

25. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

26. The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiff. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000 for each offense. Note: a plaintiff cannot recover under both acts, simultaneously, and an election will be made prior to or at trial.

6

Complaint

3. Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.


Dated: July 23, 2013                    CENTER FOR DISABILITY ACCESS

                                             /s/ Raymond G. Ballister

                                        By:_____
                                        Raymond G. Ballister, Jr, Esq.
                                        Attorneys for Plaintiff


**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.


Dated July 23, 2013                     CENTER FOR DISABILITY ACCESS

                                             /s/ Raymond G. Ballister

                                        By:_____
                                        Raymond G. Ballister, Jr, Esq.
                                        Attorneys for Plaintiff

Complaint