CRIS C. VAUGHAN, SBN 99568
VAUGHAN & ASSOCIATES
6207 South Walnut Street, Suite 800
Loomis, CA 95650
Telephone: 916-660-9401
Facsimile: 916-660-9378

Attorneys for Defendant, Silver Shield, a California limited liability company

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Becky Barnes-Boers,<br><br>Plaintiff,<br><br>v.<br><br>Silver Shield, LLC, a Delaware Limited Liability Company; and Does 1 - 10,<br><br>Defendants. | Case No. 2:13-cv-01583-WBS-CMK<br><br>**ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant, Silver Shield, LLC, a California limited liability company (sued incorrectly herein as a Delaware Limited Liability Company), ("Defendant") by and through its undersigned attorneys hereby submits its Answer to the Complaint of Plaintiff Becky Barnes-Boers filed on August 1, 2013, and states as follows:

1. As to Paragraph 1, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

///

///

1.　　2.　　As to Paragraph 2, Defendant admits it owns the subject property located at 2201 Pillsbury Road, Chico, California. Except as so admitted, Defendant denies the remaining allegations of this Paragraph of the Complaint.

3.　　As to Paragraph 3, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

4.　　As to Paragraph 4, Defendant admits the Court has jurisdiction pursuant to 28 USC §1331. Except as so admitted, Defendant denies the remaining allegations of this Paragraph of the Complaint.

5.　　As to Paragraph 5, Defendant admits the Court has supplemental jurisdiction pursuant to 28 USC §1336. Except as so admitted, Defendant denies the remaining allegations of this Paragraph of the Complaint.

6.　　As to Paragraph 6, Defendant admits venue is proper in this Court. Except as so admitted, Defendant denies the remaining allegations of this Paragraph of the Complaint.

7.　　As to Paragraph 7, Defendant admits the Almond Orchard Shopping Center is a place of public accommodation as defined by the Americans with Disabilities Act. Except as so admitted, Defendant denies the remaining allegations of this Paragraph of the Complaint.

8.　　As to Paragraph 8, Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore denies the same.

9.　　As to Paragraph 9, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

///

10. As to Paragraph 10, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

11. As to Paragraph 11, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

12. As to Paragraph 12, Defendant denies the allegations of this Paragraph of the Complaint.

## FIRST CLAIM FOR RELIEF

13. As to the allegations of Paragraph 13 of the Complaint, Defendant refers to and incorporates its responses to Paragraphs 1 through 12, inclusive, of this Answer as though fully set forth herein.

14. As to Paragraph 14, Defendant admits Plaintiff states the ADA law under 42 U.S.C. §12182(a). Except as so admitted, Defendant denies the remaining allegations of this Paragraph of the Complaint.

15. As to Paragraph 15, Defendant admits Plaintiff quotes a portion of ADAAG §4.1.2(1). Except as so admitted, Defendant denies the remaining allegations of this Paragraph of the Complaint.

16. As to Paragraph 16, Defendant admits Plaintiff quotes a portion of ADAAG §4.7.2 and §4.8.2. Except as so admitted, Defendant denies the remaining allegations of this Paragraph of the Complaint.

17. As to Paragraph 17, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

///

18. As to Paragraph 18, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

## SECOND CLAIM FOR RELIEF

19. As to the allegations of Paragraph 19 of the Complaint, Defendant refers to and incorporates its responses to Paragraphs 1 through 18, inclusive, of this Answer as though fully set forth herein.

20. As to Paragraph 20, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

21. As to Paragraph 21, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

## THIRD CLAIM FOR RELIEF

22. As to the allegations of Paragraph 22 of the Complaint, Defendant refers to and incorporates its responses to Paragraphs 1 through 21, inclusive, of this Answer as though fully set forth herein.

23. As to Paragraph 23, Defendant denies the allegations of this Paragraph of the Complaint.

24. As to Paragraph 24, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

///

///

///

## FOURTH CLAIM FOR RELIEF

25. As to the allegations of Paragraph 25 of the Complaint, Defendant refers to and incorporates its responses to Paragraphs 1 through 24, inclusive, of this Answer as though fully set forth herein.

26. As to Paragraph 26, Defendant denies it has breached any duty and denies it has caused any injury or damage.

## DEFENSES

Defendant hereby asserts the following defenses to Plaintiff's claims for relief:

### FIRST AFFIRMATIVE DEFENSE

**(Unclean Hands)**

Defendant alleges Plaintiff is barred from seeking relief by the doctrine of unclean hands.

### SECOND AFFIRMATIVE DEFENSE

**(Lack of Standing)**

Defendant alleges Plaintiff lacks standing.

### THIRD AFFIRMATIVE DEFENSE

**(Premises Built Prior to Effective Date of Americans with Disabilities Act)**

The property owned by Defendant was designed, constructed and first occupied prior to the effective date of Title III of the Americans with Disabilities Act.

### FOURTH AFFIRMATIVE DEFENSE

**(Failure to State Claim)**

Defendant alleges the Complaint fails to state facts sufficient to constitute a cause of action under any legal theory against this answering Defendant.

### FIFTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

Defendant alleges based on information and belief that Plaintiff has failed to take all reasonable steps necessary to mitigate, limit, minimize or avoid damages she alleges to have suffered as the result of the alleged conduct by Defendant. Defendant is entitled to have sums to which Plaintiff may be entitled, if any, reduced by the amount Plaintiff could reasonably have been able to mitigate, minimize, or avoid.

## SIXTH AFFIRMATIVE DEFENSE

**(No Entitlement to Attorneys' Fees and Costs)**

Plaintiff is not entitled to recover attorneys' fees and costs.

## SEVENTH AFFIRMATIVE DEFENSE

**(No Proximate Cause)**

Defendant alleges that the acts or omissions of Defendant were not the proximate cause of any injury or damage to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

**(Estoppel)**

Plaintiff is estopped from seeking relief herein due to her own acts and/or omissions with reference to the subject matter of the Complaint. Plaintiff's allegations are false and not based on a reasonable good faith belief.

## NINTH AFFIRMATIVE DEFENSE

**(Waiver)**

Plaintiff has waived any claims she may have against this responding Defendant with reference to the subject matter of the Complaint.

## TENTH AFFIRMATIVE DEFENSE

**(No Damages)**

All of Plaintiff's causes of action are barred because Plaintiff suffered no damages as a result of the alleged conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Not Readily Achievable)

Removal of the alleged architectural barriers is not readily achievable.

### TWELFTH AFFIRMATIVE DEFENSE

### (No Modification Required)

Defendant alleges based on information and belief that there has been no violation of any California statute since there is no law requiring construction, alteration, repair or modification of the subject property.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (No Actual Barrier to Use)

Defendant alleges Plaintiff did not encounter any barrier to access that unreasonably interfered with the use and enjoyment of the property by Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Access Provided Through Alternative Methods)

Defendant alleges it provides persons with disabilities equal access by alternative methods.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Accommodation Sought Would Alter Nature of Business)

Defendant alleges on information and belief that the modifications requested by Plaintiff are not required since they would fundamentally alter the nature of the business of Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Accommodations Sought are Unreasonable and Economically Unfeasible)

Defendant is only required under the ADA and California Civil Code, Unruh Civil Rights Act, to remove architectural barriers in their existing facilities if such

removal is "readily achievable." Defendant alleges, on information and belief, that the barriers Plaintiff refers to in her Complaint cannot be removed and requiring Defendant to do so would put Defendant in financial jeopardy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Defendants' Conduct Not Intentional)

Defendant alleges that the conduct, if any, alleged by Plaintiff to be discriminatory was not intentional.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Moot)

Plaintiff's claims are moot.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint is barred by Plaintiff's failure to timely file this action.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Additional Defenses Based on New Information)

Defendant presently has insufficient knowledge and information as to whether it may have additional, as yet unidentified, defenses available. Defendant reserves the right to assert additional defenses in the event discovery reveals or indicates that such defenses would be appropriate.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Not Subject to Civil Code §51)

Defendant is not subject to the provisions of the Unruh Civil Rights Act, Civil Code § 51, et seq., for the conduct alleged in Plaintiff's Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Conduct was privileged)

Defendant's conduct with regards to the Plaintiff was privileged, justified and in good faith.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Laches)

Defendant is informed and believes and thereon alleges the Plaintiff's Complaint is barred, in its entirety, by the Doctrine of Laches.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

Defendant alleges, based upon information and belief, that any and all events or happenings, injuries or damages, if any, referred to in the Complaint would be proximately caused or contributed to by the negligence and fault of Plaintiff, in that Plaintiff did not exercise ordinary care on her own behalf at the times and places referred to, and therefore, Plaintiff is completely barred from recovery herein or in the alternative, under the Doctrine of Pure Comparative Negligence and Fault, said incident reduced Plaintiff's right to recover thereon by the amount which said acts contributed to said incidents or injuries.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

Defendant alleges, based on information and belief, that Plaintiff freely and voluntarily assumed the risk of injury and damage alleged in this action with full knowledge and appreciation of the magnitude thereof.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Discriminatory Conduct)

Defendant has not engaged in any discriminatory conduct as alleged in the Complaint.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Unintentional Conduct)

Plaintiff has failed to state a Cause of Action for violation of the Unruh Civil Rights Act, because to the extent that any violation existed, none is admitted to, such violation was unintentional.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Improper Supplemental Jurisdiction)

Supplemental jurisdiction of the State Law claims is improper, as it is based on new and/or complicated issues of State Law.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Dimensional Tolerances)

Plaintiff's Complaint, and each every claim contained therein, is barred, in whole or in part, because to the extent any architectural barriers alleged by Plaintiff exist, which are disputed by Defendant, such barriers are within permissible State and Federal dimensional tolerances.

### THIRTIETH AFFIRMATIVE DEFENSE

### (Strict Compliance Excused – Improvements in Progress)

Any failure of Defendant to be in strict compliance with the barrier removal standard is excused as a result of the actions of Defendant, which included Defendant's obtaining an evaluation of the property to identify needed alteration, formulation of a plan to make alterations, the completion of some alterations and ongoing improvement efforts as a part of the overall improvement plan.

**WHEREFORE**, this answering Defendant prays judgment as follows:

1. That Plaintiff takes nothing by way of this Complaint;

2. That Judgment be rendered in favor of Defendant against Plaintiff and the Complaint be dismissed with prejudice;

3. That Defendant be awarded its costs of suit incurred in the defense of this action;

4. That Defendant be awarded its attorneys' fees incurred in the defense of this action; and

5. For such other and further relief as the Court may deem just and proper.

Dated: November 22, 2013

Respectfully submitted,

VAUGHAN & ASSOCIATES

By: /s/ Cris C. Vaughan
    CRIS C. VAUGHAN
    Attorney for Defendant,
    Silver Shield, LLC

## **DEMAND FOR JURY**

Defendant, Silver Shield, LLC, a California limited liability company, demands a jury pursuant to FRCP 38(b) on all issues raised in the Complaint of Plaintiff Becky Barnes-Boers.

VAUGHAN & ASSOCIATES

Dated: November 22, 2013

By: /s/ Cris C. Vaughan
    CRIS C. VAUGHAN
    Attorney for Defendant,
    Silver Shield, LLC